point. Just Dennis, Judge I am how documents for th dr Jonathan Isom and also out of Stewart florida an out of Las Vegas, Nevada. court to reverse the tria court's ruling for failu standard for the duty to file and turn it to the d investigation of indemnit The two require separate legal analysis. They can' duty to defend is a much narrow bar is not as high mean the duty to defend i all that. I get that. I a the indemnity is the mill dollar judgment. How much defend because it looks l discrimination lawsuit di there was a settlement. Y I don't know exactly what at the time. Is that the the defense cost? I mean, this indemnity is really big money is in this case You don't know what the d understand why they didn' Your Honor. It could have on a motion for declarat You don't, you don't kno much were the defense cos haven't seen any informat never entered, they never at all. We went to, I don didn't, you didn't, okay. on a court ordered mediat which resulted in the, in judgment that was entered didn't have any input at company at all. We're als district court's order, r the pro hoc vici admissio Gary and to vacate the re Jim Brown's admission pro see if I can, if I can di course attention to um th that led to us being here by the court on page six are some of the things he in this ruling, is there of the so called eight co where the court is is cha of looking at the four qu coupled with the language in the policy and it's no the court says in the unde plaintiff never alleges t of premier or bailiffs. W reading of the complaint shows the following. The when you're analyzing whe exists is analyzing the n The nature of the underli was for employment discrim The attached to the compl charge. It was, it was do in that EEOC charge, he a and bailiffs were his empl three, he alleged unlawful alleged in this case. In stated premier is an empl of title seven. But what his employer? He is liste as the, well, I thought h the hospital. I mean, jus explain to me, I want to facts right. I some dr I s practice group, I think a how you say it? Yes. And employee with of the hosp I some has his anesthesio for. Bayless is a surgeon orthopedic practice group surgeon practice group. B groups do stuff at this h you're saying that I some an employee of the orthope He was a loaned and leased loaned him to premier to p premier ever pay him? No, ever give him benefits? I health care retirement? I premier, did they get a s time and his hours of wor hours of work. They said They even set the degree he would provide for the I thought your, I thought never let him work. So ho in the early, in the earl named in the complaint, b early stages. Judge Costa in their relationship tha hostile environment, beca Bayless would only allow to do the work. And that' just kind of fell apart b I've never seen an arrang where he has his own anes group, which seems to be you're saying he's also a orthopedic group. Yes, he loaned or at least in the that he was assigned from Why wasn't he just an ind Well, you're not an indep a is a term that requires factual and facts based a the duty to defend stage, to do right now is show t in the complaint alleged independent contractor. H on loan. Now, I understan Uh, eventually it may hav through discovery, throug he may have, it may have he was an independent con But when you, when you ar at this stage, when you a to defend, you take the a as true and you view them favorable to finding a du the reason you do that, Y is because you don't want to happen. You don't leav sued under a policy that two requirements in it. O claims for wrongful emplo by an employee. The langu states that an employee i or leased from another co language of, in the langu ruling, he indicated that these two, the anesthesio were just simply working simply working together. company and he's from ano are assigned from your co his supervision, which is the complaint. On paragra we allege at all material was assigned by Wesley to an anesthesiologist for P direction of premier's ce stated in the complaint t to work for premier and B section of the complaint hostile, a hostile work e at this stage, all of the are to be taken as true. your honor, they're provi determining whether it is that attaches, you have t being true. You have to v favorable to find a covera in light, most favorable t what happened here? I mea We were in a mediation, m nobody shows up to represe his one of his friends wh defense lawyer. So there going outside the record, a situation where he's fa We've got a trial date. T to mediate. He has no lau to pay the judgment. And who recommended that we e judgment. So you get this duty to defend should have they received the complai should have analyzed the of the insurance policy a defense. The judge in his he saw the fact that there Well, coverage is a proof a proof intensive thing. coverage, you do that afte after you have interrogato you have litigation and i that there is no coverage irrelevant and separate i to defend, which attaches the complaint is tendered. shows no basis for believ then you can decide it. T your clients? I thought h that he was a contractor. he admitted that he was n and premier even even stro Why isn't that the end of because whether you are e term, an employee can be and not be an employee. T to say you can't decide i contractor. You can't dec That is a fact driven, fa that has to be made based who's in control, whether control under the bar ser about you're saying a cli know the law when he said didn't know the law. He a truthfully as a lay person here's another factor. Is whether there was a duty that question was posed t took place two years afte him a duty. Dr Bayless, t that that response to an in a separate lawsuit tha lawsuit was attached to t lawsuit. I thought that n an interrogatory answer t a year after the case was I will assert to you that outside the four corners and the four corners of t are not relevant on duty have to be those outside of evidence go toward cov They don't go towards the The duty to defend was br 14th, I believe it was of to provide this lawyer wi a reservation of rights. coverage included both du in the fact it can, but t is a lower standard that the lawsuit is received. is something that's deter of the evidence. After yo parties are, what definiti the parties after after d testimony and ultimately a motion of summary judgm judgment action, there's can determine ultimately to defend is separate. An reasons why we feel the c error because he conflate the standards for duty to with the right to coverag standard and it left this exposed and undefended. P that doctors pay and anyb is not just to pay a claim against you. It's also to case you're sued. My time I found the question. I f for on the um I some of th to the underlying suit be he was a contract employe Bayless, the ceo for Prem also on staff at Wesley. employment at Wesley when Bayless and Bayless neede He did not want my medica does that show he was an He was an employee for Pr assigned to premier by We group. And we were, we're your honor doesn't say th says he was never allowed to work. At this stage, y the allocation that we ma even if they prove to be to be accepted as true. A we allege that he was ass what is the difference be alone? I don't know. You least alone means before whether or not sign just performing an orthopedic anesthesiologist, they ne in there. Doesn't make hi because they're working t nurses in there helping. of folks in there helpin of the orthopedic surgeon working together on a spe might last an hour or two at the, if we look at the me, all my time is out. I question. If you allow, i of the complaint, the com sweeping definition of wh and what kinds of people under their, under their it says an employee, excus all of your past, present employees, including seas employees and employees l to you, sir. Yes. Yes. Yo on the bottle. Thank you, Bannahan and Michael Moore Forge and transportation. been no argument about th issue here. And I don't k that if the court, I'll t time at the end of the co about our position on the attorneys. I just like to if there's going to be ti to address that issue. Uh of the meat of it. The du is triggered when reasona are covered by the terms and they are those, those allegations are in the co case, we've got a complai charge and an EOC, um, di order attached to it. Tha said exactly what, um, wa a true statement by dr Is that he was a contract em of Wesley Medical Center. with them. He had no cont He had no employment stat I'll say to you, uh, Judge to one of your questions, a dearth of proof in this ever any compensation or by the orthopedic group o nor would you expect that in the normal course of t or employment practices, l form covers claims for ro practices brought by an e says that an employee is contractor to get to the that is exactly what we b all of the proof showed t was the, uh, and you know on staff, which court I t that the, uh, the, during of these claims and there claims submitted. All tha is this employment practi was also a C. G. L. Uh, q or not. There was a sland made. I think that's been the briefs and I won't bo unless you have specific But because we've been ta coverage, the, uh, the co the claims when they came it back and forth. As Mr. has indicated in his brie said, should we defend th of rights? They looked at look at that. They have a and they have a duty to m coverage claim. They, the They got confirmation fro employer Bayless and the and were advised that no, of the group. Uh, since t litigation, we filed a re and Dr Isom admitted he w He was in the contract. S is, is fairly well establ The, um, this borrowed se like to talk about that j because I didn't find tha time in any issue race be the district court is ent your claim is. So if the was a borrowed or loaned should have apprised judg before he began ruling on in this case that was nev throughout. Dr Isom's des an independent contractor employee. He could not be the orthopedic group. He begin with. He was an ind Um, the plaintiff sites i the northern electric and worth looking at those ju they are both cases that a kelly temporary employe involves a skilled labor a broker that by definiti were working, they were l were always loan servants. There's absolutely nothi that was established in t from the time we saw the litigation that would giv evidence that Dr Isom was an independent contractor that, uh, doctors who hav function are generally in in this kind of hospital s I do a lot of medical wor I see a number of them be Well, now they want to es here on a malpractice ver for a governmental body. the typical practice is j You have people that are They're both independent of each other. And the an they're providing anesthes he or she knows how to do surgeon is hopefully addr issue on a good day and n So, you know, I just don' been developed. In fact, case starts your versus b we cited in our brief tha are performing independent it was anesthesiologist an there's no employer employ because of that, you know contact. Um, if the court I'll be happy to address liability coverage that s abandoned. There's one se on that coverage. Uh, you set forth like you were r uh, appellate procedure 2 the contention is, what t is. You're complaining of have any of that. So we b well been abandoned. And me to address anything on I will, but it hasn't bee happy to rest on our pape sir. Thank you. Yes, Your compelled to bring to the two cases that talk about of the, of the, uh, who i who is an independent con nationwide mutualist insu Garden 503 U. S. 3 18. Ta it requires a fact intens discovery, after all of t are brought out in the li can decide if somebody is not an employee. The seco to your attention is this contractor. That question stared in the companion u Dr Ison sued Westin Medica in that lawsuit that Dr I contractor. And here's wh there, um, stated just th their, um, motion to have an independent contractor he says that the court co be imprudent to rely on t That's the agreement he h and dismissed plaintiff's parties have conducted di additional evidence relev outlined above. In other in a comparative case, ref is to say that Dr Ison was without a strict fact driv the court, if you are a co I really want to address Gary and Mr Brown being de was denied pro hog vision uh, in the lower court an admitted in the lower cou was revoked. Um, after th this was an error. The pr a rebuttal at this point. brought that up at the be to answer. I was trying t the panel's questions. Yo you allow me some, some r to judge Dennis Dennis. the questions and I'm sor me. I can't, I've got a l problem this morning. Not said. Well, my problem is something on rebuttal tha is not going to be able t he didn't raise in his or you know, well, that's th the mark was, I'm just th one of the form. But we'r I have a couple of minutes address it. Let me speak. our condition. That's the briefs. We've read the br We've read the briefs on in the briefs. Yeah, it's Thank you. The stature ca brought up is the case wh wrong. Starcher did not s doctrine does not apply t in an operating room scen case talked about a nurse to an anesthesiologist. A like in these other cases says was a bar servant, t requires a fact intensive case, the case went all t after the development of interrogatories, jury ins case, the court said the requires that the analysi performed, who controlled the loaned physician volu and agreed to the assignm wrong. That's not what th for. It did not conclusiv bar servant doctor does n of Mississippi. And for t humbly request the court ruling of the district co the standards for determ and a duty to indemnify.